**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BREE LUARK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR INC.,<br><br>Defendant. | Case No. 2:26-cv-02769<br><br>**DEFENDANT WAYFAIR INC.'S NOTICE OF RELATED CASE** |

PLEASE TAKE NOTICE THAT, pursuant to Local Civil Rule 3(g)(1) of the Western District of Washington, Defendant Wayfair Inc. ("Wayfair") hereby gives notice that this action is related to *Carrigan v. Wayfair LLC*, Case No. 2:26-cv-2435-JLR (the "*Carrigan*" matter), which was originally filed in Snohomish County Superior Court on June 9, 2026 and subsequently removed to the United States District Court for the Western District of Washington on July 10, 2026 and is currently assigned to the Honorable James L. Robart. These cases meet the definition of "related cases" as set forth in Local Civil Rule 3(g), which provides that two cases are related when they (a) "concern substantially the same parties, property, transaction, or event," and (b) "it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges."



BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

Here, both *Carrigan* and the present case are brought by Washington consumers against Wayfair,[1] an online retailer of furniture and home goods, based on the theory that Wayfair violates the Commercial Electronic Mail Act (CEMA), Chapter 19.190.020 RCW, and the Washington Consumer Protection Act (CPA), Chapter 19.86.020 RCW, by sending commercial emails with false or misleading subject lines to Washington residents. Plaintiffs in both cases allege that Wayfair's email subject lines create a false sense of urgency by misrepresenting that sales, discounts, or promotions are time-limited or ending imminently, when in fact the advertised promotions are routinely extended, repeated, or reinstated after the stated deadline. Both complaints cite the same specific promotional events—including Black Friday 2025 and Cyber Monday 2025—as examples of the alleged deceptive conduct.

There is also significant overlap between the putative classes. In *Carrigan*, the putative class is defined to include "[a]ll Washington residents who . . . received a commercial email sent by Defendant . . . that contained messaging in the email subject line which misrepresented the facts of a sale, deal, or promotion." (*Carrigan* Compl. ¶ 94.) In *Luark*, Plaintiff seeks to represent a class of "[a]ll Washington residents who . . . received promotional emails from Wayfair with subject lines either (i) stating a sale, discount, or price would end at a specified time but the same sale, discount, or price was extended upon expiration; or (ii) stating a sale, discount, or price is time limited, ending, or tethered to a holiday or event, when Wayfair continued to offer or reinstated the same or comparable sale, discount, or price for a longer time." (*Luark* Compl. ¶ 66.)

Given the significant overlap between the cases, it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges. Both cases will require resolution of identical legal questions—including whether Wayfair's email subject lines are "false or misleading" within the

[1] The present action is brought against Defendant Wayfair Inc., while the *Luark* action is brought against Wayfair LLC. Defendant Wayfair Inc. wholly owns SK Retail Inc., which wholly owns Wayfair LLC.



BALLARD SPAHR LLP
71 STEVENSON ST., SUITE 400
SAN FRANCISCO, CA 94105
415.318.2770 FAX: 424.731.8301

meaning of CEMA, whether such violations constitute per se CPA violations, and whether the proposed classes satisfy the requirements for certification. Allowing the cases to proceed independently before different judges would result in duplicative discovery, potentially inconsistent rulings on dispositive motions, and the risk of conflicting class certification decisions.

For these reasons, Wayfair submits that the cases are related within the meaning of Local Rule 3(g).

DATED: August 5, 2026

BALLARD SPAHR LLP

By: */s/ Meegan B. Brooks*

Meegan B. Brooks, WSBA No. 62516
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: 415.318.2772
brooksm@ballardspahr.com

*Attorneys for Defendant Wayfair Inc.*